Argued and submitted December 16, 1981, reversed and
remanded for a new trial May 26, 1982

STATE OF OREGON,
*Respondent,*
*v.*
MICHAEL DEAN HIBDON,
*Appellant.*

(Cases consolidated)
(No. 10-81-01615, CA A21280)
(No. 10-81-01616, CA A21281)

645 P2d 580

David B. Lowry, Eugene, filed the brief for appellant.

Dave Frohnmayer, Attorney General, William F. Gary,
Solicitor General, and Thomas H. Denney, Assistant
Attorney General, Salem, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warden and
Warren, Judges.

WARDEN, J.

## WARDEN, J.

Defendant appeals two convictions for burglary in the second degree, ORS 164.215, assigning as error the denial of his motion to suppress evidence of a confession made after an allegedly illegal search of his girlfriend's apartment.

On two nights in succession, February 5 and February 6, 1981, a Springfield grocery store was burglarized. After a preliminary investigation, Springfield police detective Bond obtained an arrest warrant for defendant, the stepson of an employe of the store. On February 10, 1981, Bond was advised by defendant's stepmother that defendant was probably at the apartment of his girlfriend, Belinda Noble.

At about 6:30 p.m., on February 11, 1981, Bond and another detective went to Ms. Noble's apartment, knocked on the door, identified themselves and were admitted by Ms. Noble, who, when asked, said that defendant was not inside. Hearing a noise, detective Bond then walked to the bedroom, unlocked and opened the door, entered the room, turned on the light on the dresser, opened the closet, pointed his gun at the bed and ordered defendant to come out or be shot. Defendant came out from under the bed and was immediately arrested.

Before giving defendant his *Miranda*[1] warnings, Bond asked defendant if a backpack in the room was his and whether some coins in two tequila bottles sitting on a chest of drawers were from the burglary. Defendant answered affirmatively to both questions. The backpack and coins were seized by Bond, who then placed defendant in a patrol car, read him his rights and transported him to the police station. There, after being read his *Miranda* rights for a second time, defendant confessed to the two burglaries in a taped statement to detective Bond.

Defendant moved to suppress all evidence of any confession and any physical evidence seized as a result of the search of Ms. Noble's apartment, contending that the search was illegal because the police had not obtained a

---

[1] *Miranda v. Arizona*, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694 (1966).

valid search warrant. Defendant also argued that the confession should be suppressed, because it resulted from questions asked before he was given *Miranda* warnings. At the suppression hearing, the trial court found that, although defendant had standing to object to the search and seizure, there was no need for a search warrant when a valid arrest warrant was in effect. The trial court suppressed evidence of the coins and backpack as well as the statements made before defendant was advised of his *Miranda* rights, but allowed the confession in evidence. On appeal, defendant again asserts that the confession should have been suppressed as irreparably tainted by the illegal search of Ms. Noble's apartment and by the incriminating admission made before he was given *Miranda* warnings. Because we agree with defendant's second ground and reverse on that basis, we need not consider the first.

The police elicited an incriminating admission from defendant in response to detective Bond's question whether money in the tequilla bottles came from the burglaries. Defendant's response, that some of it had "let the cat out of the bag." By his statement, defendant admitted to theft by possession of stolen property, if not to the burglary itself. It was not until after police had this admission that they read to defendant his *Miranda* rights. His full taped confession to the burglaries was taken less than one hour later at the police station. The taint of the police misconduct in questioning defendant before administering the *Miranda* warnings was not removed by the brief span of time and the change of his location from Ms. Nobel's apartment to the police station, notwithstanding the fact that he had received *Miranda* warnings in the meantime. *United States v. Bayer*, 331 US 532, 540-41, 67 S Ct 1394, 91 L Ed 1654 (1947); *State v. Mendacino*, 288 Or 231, 603 P2d 1376 (1979). Defendant's confession should have been suppressed.

The order denying defendant's motion to suppress his confession constituted prejudicial error. The convictions are reversed and the cases remanded for a new trial.